## JAMES CLAYTON, SAMUEL LOCKWOOD and ARMWELL LONG v. JOHN MITCHELL.

Court of Chancery. Kent. February, 1820.

*Ridgely's Notebook III, 5.*

[*Brinckle, Cooper, Ridgely* and *Wells* for complainants. *Hall* and *Hayes* for defendant.]

The bill of James Clayton, Samuel Lockwood, and Armwell Long, the first complainants, states:

> That complainants and defendant, owners of Milford Mills, in July, 1813, entered into partnership to purchase and grind wheat at said mills. Each equally concerned, each to furnish an equal share of the capital and to share equally in the expenses, profits and losses; that in July

aforesaid, 1813, they commenced business, defendant undertaking to purchase wheat and to sell the flour etc., and to keep the accounts of his dealings in relation to said partnership.

The partnership ceased in July last past. (July, 1817). That during said partnership defendant purchased with funds of the partners 64,255¼ bushels of wheat, which cost $106,105.61. That 7,933¼ bushels of this wheat was sold by defendant for the benefit of the partners; and the residue, being ground in said mills, produced in flour etc., with the wheat resold, $150,000 and upwards. That all the money and funds of the partnership were placed in the hands of defendant. And all the sales of flour, middlings and shorts were made by him, and the money arising from the sales was received by him; and that he was the active partner and transacted the business and kept the accounts of the concern. That during the continuance of the partnership, bank notes of this state were below par in Philadelphia and New York, where the flour was mostly sold; and that defendant for the flour sold in these cities received notes of the banks established there, which were exchanged for notes of banks of this state, and the difference was received by him, which made a large profit for the concern, as the purchases of wheat were made and paid in depreciated notes. That complainants applied to defendant for a settlement of accounts and offered, in case of difficulty, to submit them to arbitration; but defendant, intending to defraud complainants, refused to make any statement, or to account, or to submit to arbitration, alleging, as an excuse, that the books kept by him were in such a state of confusion that they would not bear inspection. And he keeps said books concealed (except the wheat book) and refuses to [permit] complainants to inspect said books.

Complainants uncertain as to the profits of the mills. They have procured an account to be made by a skilful miller and accountant, which is annexed and marked "A", and which complainants pray to be taken as part of this bill, except that in said account defendant has credit for too many barrels, and for more freight than he paid; and that the flour etc. retailed by him at the mills are not charged sufficiently high, and no profit on the exchange of bank notes is charged to him.

That complainants and defendant being owners of a sawmill situated near said mills, in July, 1813, agreed to

run said sawmill in partnership, said defendant undertaking the superintendence and management thereof. Said partnership ended in July, 1817. That during said partnership large quantities of boards were sawed at said mill, and large profits made thereby, received by defendant and not accounted for. That the partners purchased a negro slave to assist in the mills, which slave the defendant sold for $200 and received the money, but refuses to account therefor. Defendant also sold from said mill a pair of millstones and other articles belonging to said mill for large sums of money, and has not accounted for the same. And said defendant then tried to leave the state, and to go into Maryland to reside, that he may be beyond the process of this court. That the clear profits of said partnership amounted to a large sum; and they well hoped etc., but now so it is.

Prayer. That the said John Mitchell may come to a fair and just account with your orators touching all the dealings, transactions, and concerns of the said partnership, and may pay to your orators what on such account may be found to be due to them; and that your orators may have such other and farther relief in the premises as to your honor shall seem meet according to equity and good conscience, may it please a writ of subpœna.

THE CHANCELLOR. In the original bill and in the cross-bill there is a prayer for an account; and it is not easy to perceive how the affairs of this company can be adjusted without an account shall be taken. There is no plea in bar. In all the answers the partnership is admitted; and that this partnership engaged in very large and extensive business, in which much money was expended, and that this concern never has been settled. I cannot discover any principle in the case which forbids the account as prayed by all parties. How that account shall be finally settled is a very different question; and until the whole transaction is brought before the Court, by showing the separate acts of each partner, it is not easy to determine any particular fact in relation to the liability of any of the parties. But from my present impressions I am not disposed to charge Mr. Mitchell as a sole responsible agent for all the transactions of the partnership; nor Mr. Long for all the business done at and in the mill. They both certainly are liable for their own acts; but I cannot undertake now to go any further than to order an account. Indeed, the complainants in their original bill consider the defendant only as the active partner, and in the an-

swer to the cross-bill, Mr. Clayton seems to deny that the time of Mr. Mitchell was required exclusively for the mill and their other affairs; as if his services or time were to be the measure of his compensation, without a regard to any responsibility. The general scope of the bills and answers treats Mr. Mitchell merely as a partner, though in the argument great stress has been laid on his agency, as if he had the sole, exclusive management, and was liable for the whole concern, notwithstanding the interference of other partners, or the misconduct of millers.

Each partner must account. . . .